## (February 10, 1977)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT LOMBARDO, Appellant.—Judgment, Supreme Court, New York County, rendered on July 27, 1976, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd [5]). No opinion. Concur—Kupferman, J. P., Murphy, Silverman, Markewich and Yesawich, JJ.

■ KALVIN-MILLER INTERNATIONAL INC., Appellant, v MARSHALL KRASSNER et al., Respondents.—Order, Supreme Court, New York County, entered on December 7, 1976, unanimously affirmed for the reasons stated by Hughes, J., at Special Term. Respondents shall recover of appellant $40 costs and disbursements of this appeal. Concur—Stevens, P. J., Lupiano, Birns, Capozzoli and Markewich, JJ.

■ In the Matter of the Arbitration between CARGILL INCORPORATED, Respondent, and TOYOMENKA (AMERICA), INC., Respondent. In the Matter of the Arbitration between TOYOMENKA (AMERICA), INC., Respondent, and GOODPASTURE EXPORT CORPORATION, Appellant.—Judgment, Supreme Court, New York County, entered on July 7, 1976, unanimously affirmed for the reasons stated by Saypol, J., at Special Term. Respondent Toyomenka (America), Inc., shall recover of appellant $40 costs and disbursements of this appeal. Concur—Murphy, J. P., Silverman, Capozzoli, Lane and Markewich, JJ.

■ AXION AIR FREIGHT, INC., Appellant, v KLM ROYAL DUTCH AIRLINES, Respondent.—Order, Supreme Court, New York County, entered on September 2, 1976, unanimously affirmed for the reasons stated by Saypol, J., at Special Term. Respondent shall recover of appellant $60 costs and disbursements of this appeal. Concur—Kupferman, J. P., Birns, Capozzoli and Markewich, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN TORRES, Appellant.—Pending counsel's compliance with *People v Saunders* (52 AD2d 833), appeal held in abeyance from judgment rendered April 3, 1975, Supreme Court, New York County, convicting defendant on his plea of guilty of attempted assault in the first degree and sentencing him to a term of imprisonment of three to six years to be served concurrent with a prior sentence. Motion by appellant's assigned counsel to be relieved is denied with leave to renew after counsel has supplied a copy of his brief to the appellant and after the appellant has had sufficient opportunity to raise any points he chooses. The court rejects the notion that counsel's failure to supply his client with a copy of the brief accompanied by advice that appellant *pro se* may raise any points he chooses is a mere technical defect. The procedures set forth by this court in *People v Saunders (supra)* "are infused with constitutional imperatives." (See *People v Moore,* 56 AD2d 517.) Concur—Kupferman, J. P., Birns, Capozzoli and Markewich, JJ.